LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

**ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## I. INTRODUCTION

Defendants Vntana, 3D, LLC, Ashley Crowder, and Benjamin Conway (collectively, "Defendants") move to stay this litigation pending *inter partes* Review ("IPR") of U.S. Patent No. 5,865,519 ("the '519 Patent"). Plaintiffs Hologram USA, Inc., and Uwe Maass (collectively "Plaintiffs") oppose the motion.

After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendants' motion is **DENIED**.

## II. PROCEDURAL BACKGROUND

On December 10, 2014, Plaintiffs commenced this action against Defendants alleging infringement of the '519 Patent. (Dkt. 1.) The '519 Patent was issued in 1999 to Uwe Maass and subsequently licensed to Hologram in 2014. (Dkt. 57 at 4; Dkt. 58 at 4.) Plaintiffs allege that Defendants infringe the '519 Patent by making, using, offering for sale or selling "custom hologram systems and the V-3 Hologram system" (collectively, the "Accused Products"). (Dkt. 21.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al. | | |

    Defendants filed an Answer on February 5, 2015, denying infringement and asserting counterclaims. (Dkt. 24.) Plaintiffs filed a Reply to Defendants' Counterclaims on March 2, 2015. (Dkt. 28.)

    A mediation took place in June 2015, but the parties were unable to reach a settlement. (Dkt. 57 at 5.) In the same month, the Court entered a scheduling order originally setting this matter for trial on February 16, 2016. (Dkt. 45.)

    On June 12, 2015, Defendants filed a motion to stay this case pending the result of IPR proceedings initiated by Cirque du Soleil My Call, LLC ("Cirque"), a defendant in another patent litigation involving the '519 Patent. (Dkt. 57 at 5.) But before the Defendants' motion was decided, the Cirque action settled, and Cirque withdrew its IPR petitions. (Dkt. 57 at 5.) Due to this development, Defendants withdrew their motion to stay this case. (Dkt. 57 at 5.)

    Thereafter, the trial date and associated deadlines were continued twice to facilitate more settlement discussions between the parties. (Dkt. 57 at 4; Dkt. 58 at 6.) The parties have not settled. On November 3, 2015, Defendants filed the '519 Patent IPR with the PTO, challenging the validity of the '519 Patent. (Dkt. 57 at 5.) On the same day, they filed this motion to stay the case, pending the PTO's determination of the validity of the '519 Patent. (Dkt. 57.)

    The current discovery cutoff date is February 1, 2016 and the trial is scheduled to begin on April 19, 2016. (Dkt. 54, 56.)

## III. LEGAL STANDARDS

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am., Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This inherent power includes "the authority to order a stay of litigation pending the reexamination of a patent by the PTO." *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405 (ADM/SER), 2012 U.S. Dist. LEXIS 154479, 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted)); 35 U.S.C.A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al. | | |

§ 315(a)(3). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In determining whether to stay a case pending *inter partes* review, the courts generally consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Id.* at 1030–31.

While "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery[,]" *Aten Intern. Co., Ltd. v. Emine Technology Co., Ltd.*, No. SACV 09-0843-AJG, 2010 WL 1462110 at *6 (C.D. Cal. Apr. 12, 2010) (citations and internal amendments omitted), there is no *per se* rule that patent cases should be stayed pending reexaminations. *Tokuyama Corp. v. Vision Dynamics, LLC*, No. 08-cv-02781-SBA, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 3, 2008). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts," *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, C 06-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007).

## IV. ANALYSIS

### A. Stage of the Proceeding

The first factor analyzes the stage of the proceedings, including "whether discovery is complete and whether a trial date has been set." *See Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013).

Here, discovery is not yet complete but nearing the February 1, 2016 deadline. The parties have conducted substantial written discovery already and were scheduled to

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | **HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al.** | | |

exchange initial expert disclosures in November. (Dkt. 58 at 17.) Two depositions were scheduled before the hearing date on this motion and are presumed to have taken place (*Id.*) Discovery is set to be completed in less than 60 days, February 1, 2016.

In addition, trial is set to begin on April 19, 2016, less than five months away. (Dkt. 56.) Defendants didn't file the IPR petition until November 3, 2015, so the decision by the PTO on whether to institute review may not issue until May 2016, **after** the trial date set in this case. Thus, the timing of the IPR petition, in combination with the discovery cut-off and forthcoming trial date in this action, weigh against granting a stay. *See Davol, Inc. v. Atrium Med. Corp.*, No. 12-CV-0958, 2013 U.S. Dist. LEXIS 84533, 2013 WL 3013343, at *2 (D. Del. June 17, 2013) (finding that, where the status of the defendant's IPR was at its "earliest stage[]" (*i.e.*, the PTO had yet to determine whether to institute an IPR), such status weighs against granting a stay).

### B. Simplification of the Issues in Question

The second factor the Court considers is "whether a stay will simplify the issues in question and trial of the case." *Aten*, 2010 WL 1462110, at *6. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470 at *2 (N.D. Cal. Jan. 13, 1995). This is particularly true when a party has requested PTO review of all the asserted claims of the patent in suit. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958 at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because the defendant's request for reexamination included all claims at issue in the litigation).

Defendant argues that the *inter partes* reviews could eliminate some or all of the infringement issues, and that even if the asserted claims survive, the case will be simplified because Defendant will be estopped from asserting invalidity on any ground that it raised or reasonably could have raised during *inter partes* review. (Dkt. 57 at 8-9.) Plaintiffs respond that "there will remain numerous issues to be litigated in Court (e.g., other invalidity defenses, equitable defenses, infringement, remedies)" after the *inter partes* review. (Dkt. 58 at 10.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al. | | |

Notably, Defendants' IPR does not cover all the claims in the '519 Patent. (Dkt. 58 at 10.) Instead, Defendants have only challenged the validity of a subset of the asserted claims of the '519 Patent.[1] *Id.* Accordingly, even if the IPR is granted in full, it will not reach the validity of claims that are not at issue in the IPR.

Moreover, the undecided status of the IPR petition clouds the simplification inquiry. *Universal Elecs.,* 943 F. Supp. 2d at 1033. The fact that the petition has not yet been granted or denied makes it more difficult to predict whether the issues are likely to be simplified. *Id.* Thus, this factor offers little support for granting a stay.

### C. Undue Prejudice or Clear Tactical Disadvantage

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten*, 2010 U.S. Dist. LEXIS 46226, 2010 WL 1462110, at *6.

Defendants argue that mere delay during the IPR does not, by itself, constitute undue prejudice and that any delay will be minimized because the PTO must complete its review and issue a final written decision within the one-year timeline of the *inter partes* review. (Dkt. 57 at 10-11.) Defendants also argue that Plaintiffs will not be at a tactical disadvantage because an IPR allows a patentee to fully participate in all stages of the proceeding and Plaintiffs may also appeal any adverse IPR decision directly to the Federal Circuit. (Dkt. 57 at 11.)

However, Plaintiffs and Defendants are competitors in the holographic technology market. (Dkt. 58 at 14-15; Dkt. 58-2 at 3; Dkt. 59-1 at 2-3.) A delay in resolution of the litigation could result in significant harm to Plaintiffs in terms of developing a market for their products and services. *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) ("infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.") (citation omitted). "Staying a case while such harm is ongoing usually prejudices the patentee

---

[1] At this time, Plaintiffs have asserted claims 1-12 and 15 of the '519 patent. (Dkt. 58, Malzahn Decl., ¶ 9.) Of these, claims 4, 5, 9, 11, 12 and 15 are not at issue in the IPR. (Id.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09489-BRO (AGR) | Date | December 7, 2015 |
|---|---|---|---|
| Title | HOLOGRAM USA, INC, et al. v. VNTANA, 3D, LLC, et al. | | |

that seeks timely enforcement of its right to exclude." *Id.*

On this point, Defendants argue that Plaintiffs cannot show that they would be prejudiced by a stay because they did not move for preliminary injunction. (Dkt. 57 at 11.) But the fact that Plaintiffs did not seek a preliminary injunction does not mean that they would not suffer prejudicial harm from their competitor's market activity during a lengthy delay in the case. Also, Plaintiffs may have had other reasons for deciding not to pursue injunctive relief at this stage. On Defendants' motion to stay, the Court will not hold against Plaintiffs their decision to spare the parties more litigation in the form of a motion for preliminary injunction. *See Universal Elecs.*, 943 F. Supp. 2d at 1034. The Court finds that this factor weighs slightly against a stay.

### D. Other Considerations

"Another consideration is the Court's ability to control its docket to ensure that cases are managed in the interest of justice." *Universal Elecs.*, 943 F. Supp. 2d at 1035. Here, rather than putting this case on hold pending a decision from the PTO that is slated to arrive <u>after</u> the trial date, interests of justice will be best served by keeping this case on track for trial. This consideration weighs against a stay.

### V. CONCLUSION

Having reviewed the relevant factors and considering the totality of circumstances in this case, the Court finds that the issuance of a stay pending the *inter partes* review would prejudice Plaintiffs without substantially simplifying the issues before the Court and would not serve the interest of judicial economy. For these reasons, Defendants' motion to stay pending the *inter partes* review is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer